Schuyler G. Carroll (SC-1234)
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for Roy Babitt,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 7 |
| IN RE POLYGON DATA & VOICE SYSTEM CORP., | Case No. 04-43431 (BRL) |
| Debtor. | |

------------------------------------------------------------x

| | |
|---|---|
| ROY BABITT, as CHAPTER 7 TRUSTEE of POLYGON DATA & VOICE SYSTEM CORP., | |
| Plaintiff, | |
| v. | Adv. Pro. No. _____ (BRL) |
| POLYGON DATA & VOICE SYSTEM CORP., a/k/a POLYGON DATA AND VOICE, JIAN WEN XIAO, a/k/a JIAN W. HIAO and JOHN DOES 1 through 5 | |
| Defendants. | |

------------------------------------------------------------x

## COMPLAINT

Roy Babitt, as Chapter 7 Trustee ("Trustee") of Polygon Data & Voice System Corporation ("Debtor") by his attorneys, Arent Fox LLP, for his complaint against defendants Polygon Data & Voice System Corporation, Polygon Data and Voice, Jian Wen Xiao ("Xiao"), Jian W. Hiao ("Xiao") and John Does 1-5 (collectively, the "Defendants"), alleges as follows:

NYC/312230.3

## NATURE OF THIS ACTION

1. This adversary proceeding is commenced pursuant to 11 U.S.C. §§ 542, 549, 550 and 721.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This adversary proceeding has been referred to the Court pursuant to 28 U.S.C. § 157(a) and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.) dated July 10, 1984.

4. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409, as this proceeding arises in and relates to a case under the bankruptcy code pending in this District.

## PARTIES

6. Plaintiff, the Honorable Roy Babitt is the Trustee of the Debtor.

7. Defendant Polygon Data & Voice System Corporation, a/k/a Polygon Data and Voice, is, upon information and belief, an active New York corporation with an address of 137 34th Street, Brooklyn, NY 11232, 55 Christie St. #19, New York, NY 10002–5059 and 40 Elizabeth St. #400, New York, NY 10013–5608.

8. Defendant Jian Wen Xiao, a/k/a Jian W. Hiao is, upon information and belief, the majority shareholder and president of the Debtor with an address of 137 34th Street, Brooklyn, NY 11232 and 98 El Camino Court, Holmdel, NJ 07733.

9. John Does 1 through 5 are parties believed to be actively involved in Polygon's post-petition business operations.

## FACTUAL BACKGROUND

10. On November 16, 2004, ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

11. Subsequent to the Petition Date, the Honorable Roy Babitt was appointed Trustee.

**The Debtor Continues to Operate the Business Post-Petition**

12. Based on the Trustee's investigation, it is clear that since the Petition Date, the Debtor has continued operating its business under the same name, at the same address and using the same telephone number and website.

13. After the Petition Date, the Debtor made numerous deposits into its bank accounts from sources that the Trustee cannot identify.

14. The Trustee has demanded that the Debtor turn over its property ("Cash Property") identified in the Debtor's petition and which the debtor improperly listed as exempt on its Schedule C, to the Trustee. The Debtor failed to either turn the Cash Property over to the Trustee or amend its Schedule C. By order dated July 1, 2005, the Court expunged the Debtor's claim to exempt the Cash Property.

**The Debtor's Willful Violation of This Court's Rule 2004 Order**

15. On June 17, 2005, the Trustee filed an application ("Rule 2004 Application") with this Court pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for an order authorizing the Trustee to compel examination of the Debtor and Debtor's previous counsel and to compel the Debtor to produce documents.

16. On December 5, 2006, the Court granted the Rule 2004 Application, and entered an Order ("Rule 2004 Order") requiring Xiao and Jih-Kuei Chang, Esq., the Debtor's former counsel, to appear for examination by the Trustee and produce the documents listed on Exhibit A to the Rule 2004 Order.

17. The Trustee sought discovery of documents and information pertaining to the Debtor's assets, operations, deposits and payments. Despite more than a dozen demands upon the Debtor's current counsel, Bruce Weiner, Esq., the Debtor and Mr. Weiner have refused to provide the Trustee with any information or documents. Moreover, Mr. Weiner has generally refused to communicate with the Trustee's counsel, despite numerous phone calls and emails.

18. Mr. Jih-Kuei Chang, Esq. has also refused to appear at the Rule 2004 examination or provide documents.

19. Despite the fact that the Trustee advised Debtor's counsel that the Debtor is obligated to cooperate with the Trustee in providing the required documents until such time as the Debtor's case is dismissed, the Debtor and his counsel have refused to respond to the Trustee's requests.

20. Since the entry of the Rule 2004 Order, Defendants have failed and refused to appear for the examination or produce any documents or information despite the clear and unambiguous requirements of the Rule 2004 Order. Indeed, the Trustee has repeatedly required that Defendants comply with their obligations, however, they have wholly ignored the Trustee's demands.

**FIRST CLAIM FOR RELIEF**
**(Contempt against Debtor and Xiao)**

21. The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

22. Defendants were served with the Rule 2004 Order. Despite their full knowledge of its requirements and their obligations thereunder, Defendants have done nothing to attempt to comply with the Rule 2004 Order and have willfully violated the Rule 2004 Order of the Court by failing to appear for examination by the Trustee and provide the required documents.

23. By reason of the foregoing, the Debtor and Xiao should be held in contempt of this Court's Rule 2004 Order.

24. Moreover, Xiao should be held liable for all attorney's fees related to the Rule 2004 order.

## SECOND CLAIM FOR RELIEF
(Violation of 11 U.S.C. § 542 against Debtor and Xiao)

25. The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

26. The Debtor and Xiao have failed to turn over the Debtor's assets to the Trustee in violation of 11 U.S.C § 542.

27. The Debtor's bankruptcy schedules, sworn to by Xiao, reflect that the Debtor's income was more than $750,000.00 per year prior to the Petition date.

28. Based on the Debtor's pre-petition revenues, the Debtor and Mr. Xiao have improperly retained over $1.5 million during the two year post-petition period.

29. The Debtor is liable to the Trustee for at least $1.5 million.

30. Mr. Xiao is liable to the Trustee for at least $1.5 million.

31. John Does 1 through 5 are liable to the Trustee for at least $1.5 million.

32. By reason of the foregoing, the Debtor should be ordered to turn over $1.5 million to the Trustee.

33. By reason of the foregoing, the Mr. Xiao should be ordered to turn over $1.5 million to the Trustee.

34. By reason of the foregoing, the John Does should be ordered to turn over $1.5 million to the Trustee.

**THIRD CLAIM FOR RELIEF**
**(Violation of 11 U.S.C. § 721 and Accounting against Debtor)**

35. The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

36. The Debtor continued to operate its business and collect debts owing to the Debtor after the Petition Date in violation of 11 U.S.C § 721.

37. By reason of the foregoing, the Debtor should be ordered to turn over to the Trustee all assets existing as of the Petition Date and collected by the Debtor after the Petition Date, and account for any payments made to the Debtor's creditors.

**FOURTH CLAIM FOR RELIEF**
**(Violation of 11 U.S.C. § 721 and Accounting against Xiao and John Does)**

38. The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

39. Defendant Xiao caused the Debtor to continue operating its business and collect debts owing to the Debtor after the Petition Date in violation of 11 U.S.C § 721.

40. By reason of the foregoing, Xiao violated 11 USC § 721, and should be ordered to turn over to the Trustee all assets existing as of the Petition Date and received from the Debtor after the Petition Date, and account for any payments Xiao caused the Debtor to make to the Debtor's creditors.

## FIFTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duties)

41. The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

42. Defendant Xiao was a fiduciary of the Debtor and owed strict fiduciary duties to the Debtor's creditors.

43. Defendant Xiao breached these fiduciary duties owed to the Debtor's creditors by authorizing, upon information and belief, distribution of the Debtor's assets.

44. By reason of the foregoing, the Debtor was damaged, and the Trustee is entitled to a judgment against Defendant Xiao for damages caused by his breach of the fiduciary duties.

## SIXTH CLAIM FOR RELIEF
### (Interference with Trustee's Statutory Obligations against Debtor and Xiao)

45. The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

46. By continuing to operate its business, failing to turn over the property of the Debtor to the Trustee, and by paying the Debtor's creditors, the Debtor and Xiao interfered with the Trustee's statutory obligations under 11 U.S.C. § 704 to collect and reduce to money the property of the Debtor's estate and distribute the property of the Debtor's estate pursuant to 11 U.S.C. § 726.

47. By reason of the foregoing, the Trustee is entitled to a judgment against the Debtor and Defendant Xiao for damages caused by their interference with the Trustee's statutory obligations under 11 U.S.C.§§ 704 and 726.

## CONCLUSION

**WHEREFORE**, the Trustee demands judgment against Defendants, as follows:

(a) holding the Debtor in contempt of the Court;

(b) holding defendant Xiao in contempt of the Court;

(c) ordering the Debtor to pay to the Trustee $1.5 million and to account for any distributions of the Debtor's assets;

(d) ordering defendant Xiao to pay to the Trustee $1.5 million and to account for any distributions of the Debtor's assets that Xiao caused the Debtor to make;

(d) awarding damages against defendant Xiao's for breach of fiduciary duties;

(e) awarding damages against the Debtor and Xiao for their interference with the Trustee's statutory obligations under 11 U.S.C.§§ 704 and 726;

(f) awarding the Trustee attorneys' fees;

(g) awarding the Trustee the costs and disbursements of this adversary proceeding; and

(h) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      February 6, 2007

                                  ARENT FOX LLP

                                  By: __/s/ Schuyler G. Carroll_____
                                      Schuyler G. Carroll (SC-1234)
                                      1675 Broadway
                                      New York, New York 10019
                                      (212) 484-3900

                                  Attorneys for Roy Babitt, Chapter 7 Trustee